HARRIS, J.,
concurring specially:
The issue in this case is the appropriateness of the amount of restitution. Appellant pleaded to diverting construction draws after swearing (by affidavit) that certain invoices had been paid. The failure to pay these invoices led to liens amounting to some $38,000. Defendant does not contest the appropriateness of including this amount in the restitution order. However subsequent hens were filed and although these lien amounts were not ordered to be paid as restitution, the cost of defending these liens (attorney’s fees) as well as defending the earlier liens was included in the restitution order. Appellant contends that he should be responsible only for the cost of defending the liens filed because of his diversion of funds for which the trial court ordered restitution.
The problem with this reasoning is that the later liens cannot be isolated from the earlier diversion of funds. A construction project based on construction draws is not a series of unrelated events. The trial judge may well have found that if appellant had not diverted the funds, the earlier invoices would have been paid and the subsequent draws would not have been withheld. Had the subsequent draws been paid on schedule, the court might have concluded that the later liens would not have been filed. This is sufficient connection to authorize restitution.